UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **Abdalkareem Moala,** | **Civil No. 06-1531 (JNE/SRN)** |
| **Plaintiff,** | |
| v. | <u>**REPORT AND RECOMMENDATION**</u> |
| **Michael J. Astrue,** <br> **Commissioner of Social Security,** | |
| **Defendant.** | |

Jennifer Mrozik, Esq., Northwest Disability Services, 1611 West County Road B, Suite 106, Roseville, Minnesota 55113, on behalf of Plaintiff

Lonnie F. Bryan, Esq., Office of the United States Attorney, 300 South 4th Street, Suite 600, Minneapolis, Minnesota 55415, on behalf of Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter is before the undersigned United States Magistrate Judge on Plaintiff's Motion for Attorney's Fees (Doc. No. 19). Defendant does not oppose the motion or the amount of fees requested. This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1.

I.      BACKGROUND

Plaintiff filed this case on April 21, 2006, challenging a decision by the Commissioner of Social Security ("Commissioner") that Plaintiff was no longer disabled as of July 1, 2003, and therefore no longer entitled to receive supplemental security income (SSI). On August 8, 2007, this Court issued a Report and Recommendation, finding that the Commissioner's decision was not supported by substantial evidence in the record. Furthermore, because the current record

clearly established that Plaintiff was entitled to continuing SSI benefits, the Court found that a remand would be unnecessary and recommended an immediate reinstatement of benefits. The Commissioner filed a response to the Report and Recommendation stating simply that he did not object to the Court's findings and conclusions. The Honorable Joan N. Ericksen adopted the Report and Recommendation, reversed the Commissioner's decision, and ordered Plaintiff's SSI benefits, including retroactive benefits, to be paid and reinstated immediately.

Plaintiff filed the instant motion for attorney's fees on November 23, 2007, pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Plaintiff seeks compensation for thirty-four hours of work performed by his attorney, at the rate of $145 an hour, which amounts to a total award of $4,930. In the Commissioner's response to the motion, he stated only that he had no objection to the requested fee.

## II.    DISCUSSION

EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the

> record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

Id. § 2412(d)(1)(B).  Attorney's fees requested under this section may not exceed the rate of $125.00 per hour "unless the court determines that an increase in the cost of living . . . justifies a higher fee."  Id. § 2412(d)(2)(A).

A plaintiff bears the initial burden to establish that he or she was a "prevailing party" under EAJA.  See Huett v. Bowen, 873 F.2d 1153, 1155 (8th Cir. 1989) (per curiam).  "Once a party establishes that he or she was a prevailing party, the burden shifts to the government to prove that it was substantially justified in asserting its position."  Id. (citation omitted).  The Commissioner must show that his "position was substantially justified at both the administrative and litigation levels."  Gowen v. Bowen, 855 F.2d 613, 615 (8th Cir. 1988) (citing 28 U.S.C. § 2412(d)(2)(D)).  To establish that his position was substantially justified, the Commissioner must show that the denial of benefits "had a reasonable basis in law and fact."  Welter v. Sullivan, 941 F.2d 674, 676 (8th Cir. 1991) (citing Pierce v. Underwood, 487 U.S. 552, 565-566 (1988)).

The Court first finds that Plaintiff is a prevailing party.  His motion for summary judgment was granted, and his benefits were reinstated without remand.  Ordinarily, the Commissioner would next attempt to show that his position was substantially justified.  In his response to the motion, however, the Commissioner implicitly conceded that his position was not substantially justified.  Having reviewed the record extensively, the Court finds that the Commissioner's decision indeed had no reasonable basis in fact or law, and thus, was not substantially justified.  Finally, the Court finds that an increase in the cost of living warrants an

increase in the attorney's fee rate to $145 per hour.  Accordingly, Plaintiff's attorney is entitled to a fee award of $4,930, which represents thirty-four hours of work at the rate of $145 an hour.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Attorney's Fees (Doc. No. 19) be **GRANTED** in the amount of $4,930.

Dated: January 31, 2008

                                            s/ Susan Richard Nelson
                                            SUSAN RICHARD NELSON
                                            United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 15, 2008**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.